UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TODD STATHUM,<br><br>Petitioner,<br><br>v.<br>ROBERT CHETIRKIN<br>Administrator, East Jersey Prison, et al.,<br><br>Respondents. | Civil Action No. 24-8843 RK<br><br>MEMORANDUM & ORDER |

This matter has been opened to the Court by Petitioner Todd Stathum's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) By letter dated June 23, 2025, Petitioner seeks default judgment based on Respondents' failure to file their Answer in accordance with the Court's Order entered on April 3, 2025. (*See* ECF Nos. 2-3.) Respondents' failure to file their answer, however, is not grounds to grant default judgment in a habeas proceeding. *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015) ("Even if the Government had failed to respond to the § 2255 motion, it does not follow that [the petitioner] is entitled to a default judgment."). Simply stated, "[d]efault judgment is inapplicable in the habeas context." *Riley v. Gilmore*, No. 15-351, 2016 WL 5076198, at *1 n.2 (E.D. Pa. Sept. 20, 2016), certificate of appealability denied sub nom. *Riley v. Superintendent Greene SCI*, No. 16-3954, 2017 WL 5068120 (3d Cir. Feb. 9, 2017); *see also Fitch v. United States*, 19-17945, 2021 WL 1169035, at *1 (D.N.J. Mar. 26, 2021) (explaining same). Although Petitioner's letter request for default judgment is denied, the Court will direct Respondents to file their Answer or Motion to Dismiss within 30 days of the date of this Order. Failure to respond to this Order may result in sanctions.

**IT IS, THEREFORE**, on this 8th day of July 2025,

**ORDERED** that Petitioner's letter request for default judgment (ECF No. 3) is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

**ORDERED** that, where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, **within 30 days of the date this Order**, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; and it is further

**ORDERED** that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling and attach any relevant exhibits or evidence; and it is further

**ORDERED** that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

**ORDERED** that, if the Motion to Dismiss is subsequently denied, the Court will direct Respondents to file a full and complete answer to all claims; and it is further

**ORDERED** that if Respondents do not file a Motion to Dismiss the Petition, **they shall file a full and complete answer to all claims asserted in the Petition within 30 days of the entry of this Order**; and it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant <u>federal</u> law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, exhaustion and procedural default, and also including with respect to the asserted defenses the relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and a separate list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

"**Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX**" or

3

"**Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY**"; and it is further

**ORDERED** that Respondents' failure to respond to this Order may result in sanctions; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

_____
ROBERT KIRSCH
United States District Judge